10-1774-cv
Hodge v. Long Beach, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand and eleven.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                  *Circuit Judges*.

_____

JAMES HODGE,

                    *Plaintiff-Appellant*,

             -v-                                           10-1774-cv

CITY OF LONG BEACH, EUGENE CAMMARATO, in his
individual and official capacity, EDWARD EATON, in his
individual and official capacity, LAWRENCE WALLACH AKA
LARRY WALLACH, in his individual and official capacity,*

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     Frederick K. Brewington, Law Offices of Frederick K. Brewington,
                             Hempstead, NY.

Appearing for Appellee:      Ronald J. Rosenberg, John S. Ciulla, Rosenberg Calica & Birney
                             LLP, Garden City, NY, *for City of Long Beach*.

Appearing for Appellees:     Stanley A. Camhi, Jaspan Schlesinger LLP, Garden City, NY, *for*

_____

* We direct the Clerk of Court to amend the caption as noted.

*Eugene Cammarato, Edward Eaton, and Lawrence Wallach.*

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant James Hodge ("Hodge") commenced this action against Defendants-Appellees City of Long Beach, Eugene Cammarato, Edward Eaton, and Lawrence Wallach (collectively referred to as "defendants" unless otherwise specified) on November 4, 2002. Hodge's Second Amended Complaint sets forth claims alleging discrimination pursuant to federal law under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and § 2000(d),[1] and pursuant to state law under Article 4 of New York State's Civil Service Law §§ 75, 80, and New York State Executive Law § 296. On April 14, 2010, Judge Platt of the United States District Court for the Eastern District of New York granted defendants summary judgment on all of the federal claims, and dismissed the state law claims without prejudice. Hodge now appeals from that Order. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Hodge raises principally three issues: (1) that the district court erred in granting summary judgment to defendants under 42 U.S.C. § 1981, finding that defendants did not unlawfully discriminate against Hodge because of his race; (2) that the district court erred in granting summary judgment to defendants under 42 U.S.C. § 1983, finding that defendants did not limit Hodge's political speech in violation of the First Amendment, nor discriminated against him in violation of the Fourteenth Amendment; and (3) that the district court erred in granting summary judgment to defendants under 42 U.S.C. §§ 1985 and 1986, finding that defendants did not conspire to discriminate against him, and thus that defendants did not know of the discrimination and thereby did not fail to prevent it.

We review a district court's grant of summary judgment de novo. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). Summary judgment is appropriate "only if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005) (citing Fed. R. Civ. P. 56(c)). A genuine issue for the purpose of the motion exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party fails to provide evidentiary support for an essential element of its claim for which it bears the burden of proof, summary judgment is warranted. *Id.* at 322-23. While the court, in deciding

---

[1] The district court, with Hodge's consent, dismissed the claim under 42 U.S.C. § 2000(d) with prejudice.

the motion, must draw "all reasonable factual inferences in the light most favorable" to the non-moving party, *see DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 74 (2d Cir. 2010), a party opposing the motion for summary judgment must nevertheless support its argument by "citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations," *see* Fed. R. Civ. P. 56(c)(1)(A).  An affidavit or a declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Accordingly, "unsupported allegations do not create a material issue of fact." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000); *see also* Fed. R. Civ. P. 56(e)(3).

After having conducted an exhaustive review of the record in light of these well-known principles, we affirm the district court's judgment for substantially the reasons stated by the district court in its thorough and well-reasoned decision.  We have considered all of Hodge's arguments on appeal, and have found them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk